UNITED STATES of America, Plaintiff-Appellee,

v.

JOHN HENRICKS, INC., a corporation, Defendant-Appellant.

No. 16315.

United States Court of Appeals Seventh Circuit.

Jan. 8, 1968.

James R. Mitchell, Chicago, Ill., Stephen Jurco, Junie L. Sinson, Jurco, Damisch & Sinson, Chicago, Ill., of counsel. for appellant.

Edward V. Hanrahan, U. S. Atty., Richard S. Jalovec, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

PER CURIAM.

The defendant, John Henricks, Inc., having its principal place of business in Arlington Heights, Illinois, is a private motor carrier engaged in buying, selling, and transporting hay in interstate commerce. It usually employs seven truck drivers who pick up and deliver loads of hay from farmers.

An information containing multiple counts charged that between December 7, 1965 and February 14, 1966 the defendant "knowingly and willfully" failed to require four of its truck drivers "to make, keep, and submit a driver's daily log; in violation of 49 CFR 195.1, 195.8; 49 U.S.Code 322(a)." After a nonjury trial, the district court found the defendant guilty on all counts and assessed a fine.

According to the testimony of two safety inspectors with the Department of Transportation, inspections were conducted at the defendant's place of business in 1961, 1964, and 1965. The inspectors discussed with either the defendant's president or vice-president a number of failures to comply with the Interstate Commerce Commission regulation requiring the defendant's drivers to keep daily logs. On each occasion these failures to comply were acknowledged by one of the defendant's officers. A fourth inspection, conducted in March, 1966, revealed the absence of logs on which the instant prosecution is based.

Only the defendant's president and vice-president testified for the defense. Their combined testimony related to the length of time necessary to train drivers to haul hay (seven to ten months), the frequent admonitions and warnings to drivers to keep logs, the posting of a

notice to that effect in the time clock area, the formation of an insurance program, participation in which was conditioned on keeping logs, and the fact that three of the four drivers who had not kept logs left the defendant's employ voluntarily rather than comply with the regulation.

The defendant's principal contention is that in a prosecution under 49 U.S.C. § 322(a), the Government must prove actual criminal intent or a deliberate and obstinate refusal to comply with the applicable regulation. The words of the statute in question provide: "Any person knowingly and willfully violating any * * * regulation, * * *" shall be subject to a penalty. Since the offense is a misdemeanor and *malum prohibitum*, proof of specific criminal intent is not required. Steere Tank Lines, Inc. v. United States, 330 F.2d 719, 722, 723 (5th Cir. 1963); United States v. Lowther Trucking Co., 229 F.Supp. 812, 816 (N.D.Ala.1964).

Uncontroverted evidence shows that the defendant's officers were knowledgeable of the logging regulation as the result of the inspections in 1961, 1964, and 1965. That these officers continued to employ drivers who failed to keep logs, knowing that to do so was in violation of the regulation, supports an inference that the defendant's conduct in question here was willful as well.

The defendant would have us read the word "require" in 49 C.F.R. § 195.8 as synonymous with the word "request." According to the defendant, if a carrier requests his drivers to keep logs, he has complied with the regulation. We believe, however, that this interpretation would frustrate a requirement of the regulation—the keeping of daily logs. "Require" suggests the authority and duty to impose sanctions for noncompliance and is not satisfied by a mere request.

We find no merit in the other contention raised by the defendant.

The judgment of conviction is affirmed.